

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00355-CR

_____

JOHN COOPER CARRELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 271st District Court
Wise County, Texas[1]
Trial Court No. CR25319, Honorable Brock Smith, Presiding

July 8, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

Appellant, John Cooper Carrell, was convicted by a jury of possession of a controlled substance (methamphetamine) in an amount equal to or greater than one gram but less than four grams.[2] Appellant pleaded true to a prior felony enhancement and the

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. HEALTH & SAFETY CODE § 481.115(a), (c).

trial court sentenced him to 15 years' imprisonment. By one issue, Appellant challenges the trial court's denial of his motion for continuance filed prior to the punishment hearing. We affirm the trial court's judgment.

## BACKGROUND

On February 1, 2024, Appellant was a passenger in the vehicle of Robert Stapleton when Stapleton was stopped because his vehicle registration was expired. The officer conducting the stop requested and received Stapleton's consent to search the vehicle. In the backseat of the vehicle, the officer found a backpack. Inside the backpack was a substance that appeared to be methamphetamine. Appellant informed the officer that the backpack was his and that he knew about the substance within. Appellant was placed under arrest.

Appellant was subsequently charged by indictment with the offense of possession of a controlled substance. Prior to trial, Appellant requested discovery under article 39.14 of the Texas Code of Criminal Procedure. At the close of trial, a jury found Appellant guilty of the offense as charged. Prior to the subsequent hearing on punishment, Appellant requested a continuance on the grounds that the State had failed to provide a copy of a police report relating to an assault that the State intended to offer during the punishment hearing. The trial court denied the motion by written order. At the hearing, Appellant objected that the police report was not timely provided by the State[3] and was granted a running objection to any evidence "regarding any assault family violence." At

---

[3] Appellant acknowledged that the State provided him a copy of the police report the day before the punishment hearing.

the conclusion of the punishment hearing, the trial court sentenced Appellant to 15 years' incarceration. Appellant did not file a motion for new trial.

## STANDARD OF REVIEW AND APPLICABLE LAW

The transferor court recently identified the standard of review and applicable law in an appeal challenging the trial court's denial of a motion for continuance due to the State's alleged discovery violation:

> We review a trial court's decision to grant or deny a continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *see* TEX. CODE CRIM. PROC. ANN. arts. 29.03 (criminal action may be continued upon sufficient cause shown), 29.06(6) (sufficiency of a continuance motion is addressed to the trial court's sound discretion and will not be granted as a matter of right). To establish reversible error based on the denial of a motion for continuance, a defendant must show both that the trial court erred in denying the motion and that the lack of a continuance harmed him. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010) (explaining that "[i]n a motion for new trial, [the defendant] should allege facts tending to establish both prongs—error and harm").
>
> The first prong "requires a showing that the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Id*. at 843 (quoting 42 George E. Dix & Robert O. Dawson, Texas Practice Series: Criminal Practice and Procedure § 28:56 (2d ed. 2001), at 532–33 (including the authors' further observation that "[a]ppellate courts have not addressed this, however, because convicted defendants have never [been] able to make the necessary specific showing of harm")). The second prong requires a defendant to show with specificity that the trial court's ruling resulted in actual prejudice to his defense. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996); *Heiselbetz v. State*, 906 S.W.2d 500, 511–12 (Tex. Crim. App. 1995).
>
> Because speculative harm is not enough, *see Renteria v. State*, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006), a defendant who was denied more time to prepare must demonstrate "with considerable specificity how [he] was harmed by the absence of more preparation time than he actually had," a showing that should ideally occur at a hearing on a new-trial motion. *Gonzales*, 304 S.W.3d at 842–43 (quoting Dix & Dawson, *supra*, who

3

explained that a showing of harm "can ordinarily be made only at a hearing on a motion for new trial, because almost always only at that time will the defendant be able to produce evidence as to what additional information, evidence[,] or witnesses the defense would have had available if the motion for delay had been granted")); *see also Rodriguez v. State*, No. 02-23-00224-CR, 2024 Tex. App. LEXIS 2384, 2024 WL 1451974, at *3 (Tex. App.—Fort Worth Apr. 4, 2024, no pet.) (mem. op., not designated for publication) (noting that specific harm can ordinarily be shown only at a hearing on a new-trial motion and that although appellant filed a motion for new trial, his sole argument was that "the verdict is contrary to the law and evidence"). A motion for new trial is not, however, necessary to preserve error concerning the denial of a continuance motion. *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005).

*Milem v. State*, No. 02-24-00201-CR, 2025 Tex. App. LEXIS 3698, at *4–6 (Tex. App.—Fort Worth May 29, 2025, pet. ref'd) (mem. op., not designated for publication).

## ANALYSIS

By his sole issue, Appellant contends that the trial court abused its discretion by denying his motion for continuance based on an untimely disclosed police report related to evidence presented by the State in sentencing. The State argues that Appellant did not preserve his claim of error at trial. For purposes of this opinion, we will presume without deciding that Appellant properly preserved his complaint to the denial of his motion for continuance. Even with preservation presumed, Appellant failed to establish either how the trial court's denial of the motion for continuance was erroneous or how the lack of a continuance harmed him. *Gonzales*, 304 S.W.3d at 843.

As previously stated, proof that the denial of the motion was erroneous "requires a showing that the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Id*. Here, both at trial and on

4

appeal, Appellant simply contends that the State violated its statutorily mandated requirement to disclose impeaching evidence within its control "as soon as practicable." TEX. CODE CRIM. PROC. art. 39.14(a). Appellant has not, however, shown or even argued that the trial court's ruling resulted in actual prejudice to his defense. *Janecka*, 937 S.W.2d at 468. We further note that Appellant, who had possession of the police report upon which his motion was based, did not make the report part of the record or argue how any of its specifics would justify a delay of sentencing.

Furthermore, Appellant acknowledges that it was his burden to "demonstrate 'with considerable specificity how [he] was harmed'" by the denial of his continuance motion. *Gonzales*, 304 S.W.3d at 842. However, the entirety of Appellant's harm argument is the following two statements: "The error affected [Appellant's] substantial rights, so the error is harmful," and "The error was harmful such that this case must be reversed for a new trial." Clearly, these conclusory statements do not demonstrate with considerable specificity how Appellant was harmed by the trial court's denial of his motion for continuance. *See Shah v. State*, 403 S.W.3d 29, 36 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (general assertion of prejudice not sufficient to show harm). Additionally, we note that Appellant did not file a motion for new trial. *See Gonzales*, 304 S.W.3d at 842–43 (harm can ordinarily only be shown at hearing on motion for new trial).

Because Appellant failed to establish that the trial court erred in denying his motion for continuance or that any such error prejudiced his defense, we overrule Appellant's sole issue.

5

**CONCLUSION**

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.


Judy C. Parker
Chief Justice


Do not publish.